# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DAVID McGUIRE,             1:11-CV-00330 GSA HC

      Petitioner,        ORDER DISMISSING FIRST AMENDED
PETITION WITH LEAVE TO FILE
   v.                                   SECOND AMENDED PETITION

M. MARTEL, Warden,

      Respondent.

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

       On February 14, 2011, Petitioner filed a petition for writ of habeas corpus in the Sacramento Division of this Court. The petition was ordered transferred to the Fresno Division on February 25, 2011. Subsequent to the transfer, on March 4, 2011, Petitioner filed a first amended petition for writ of habeas corpus.

## DISCUSSION

### A. Procedural Grounds for Summary Dismissal

       Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Failure to State a Claim

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) *state the relief requested;*
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition fails to present any grounds for relief. In the space provided for presentation of grounds for relief, Petitioner directs the Court's attention to an attached memorandum of points and authorities. However, no memorandum is attached.[1] As Petitioner fails to identify any of his grounds for relief, the petition must be dismissed. Nevertheless, as this appears to be an oversight on Petitioner's part, he will be given an opportunity to file a second amended petition to properly present his claims. Petitioner is advised that the amended petition should be titled "Second Amended Petition" and must reference the instant case number.

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED. Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order. Failure to comply will result in dismissal of the petition.

IT IS SO ORDERED.

Dated:   **March 14, 2011**              /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] A memorandum was attached to the original petition; however, that petition was superceded by the instant first amended petition. The Court cannot refer back to the original petition to locate Petitioner's claims. The amended petition must stand on its own.